

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **No. 23-cr-72-JL-TSM-01** |
| | ) | |
| **NUDAY, a/k/a NUDAY SYRIA** | ) | |

## PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United

States of America by its attorney, Jane E. Young, United States Attorney for the District of New

Hampshire, and the defendant, NuDay, and the defendant's attorney, Brian Quirk, Esquire, enter

into the following Plea Agreement:

1.  The Plea and The Offense.

The defendant agrees to waive its right to have this matter presented to a grand jury and

plead guilty to an Information charging it with three counts of Failure to File Export Information,

in violation of 13 U.S.C. § 305.

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.

2.  The Statute and Elements of the Offense.

Title 18, United States Code, Section 305 provides, in pertinent part:

> Any person who knowingly fails to file or knowingly submits false
> or misleading export information through the Shippers Export
> Declaration (SED) (or any successor document) or the Automated
> Export System (AES) shall be subject to a fine not to exceed $10,000
> per violation or imprisonment for not more than 5 years, or both.

13 U.S.C. § 305.

The defendant understands that the offense has the following elements, each of which the

- 1 -

United States would be required to prove beyond a reasonable doubt at trial:

First, that the defendant acted knowingly; and

Second, that the defendant failed to file or submitted false or misleading export information through the Shippers Export Declaration (SED), any successor document, or the Automated Export System (AES).

13 U.S.C. § 305(a)(1).

3. Offense Conduct.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

Defendant NuDay is a registered § 501(c)(3) non-profit founded in 2013 and headquartered in Windham, New Hampshire.   It was founded by Nadia Alawa, who serves as the charity's President.   Between May 2018 and December 2021, NuDay made over 100 shipments to Syria, during which time Syria was subject to sanctions imposed by the Secretary of the Treasury.   These shipments consisted of humanitarian goods, such as clothing, children's toys, medical equipment, basic electronic devices, and non-perishable foods.   NuDay hired a company called AJ Worldwide Services to ship containers to Mersin, Turkey, where another company called Safir Forwarding would transship them into Syria.   As the exporting party, NuDay was responsible for providing true and accurate information about its exports, including a description of goods, the end user, and monetary value to AJ Worldwide Services for reporting to the United States Department of Commerce.

For many of its shipments, NuDay falsely told AJ Worldwide Services that the ultimate end destination of the containers was Turkey and not Syria, which would require an export license.   NuDay also provided false information about the value of the exported items on

shipping documents.   For example, NuDay assigned nominal values of goods exported to Syria so that the total value of its containers would fall below the $2,500 threshold, which would require that an Electronic Export Information be filed through the Automated Export System. These unlawful shipments included the following:

| Count | Date of Shipment | Destination | U.S. Container Numbers | True Value Claimed by NuDay |
|---|---|---|---|---|
| 1 | 05/12/2018 | Syria | MSCU 4787837 and INKU 6593142 | $4,575,545.00 |
| 2 | 05/05/2019 | Syria | HAMU 1159877 | $8,361,642.49 |
| 3 | 03/03/2020 | Syria | UACU 5228686 | $4,179,905.43 |

4. Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A.    A maximum fine of $10,000 per count (13 U.S.C. § 305(a)(1));

B.    A term of probation of not more than five years per count (18 U.S.C. § 3561(c)(1)); and

C.    A mandatory special assessment of $400 per count (18 U.S.C. § 3013(a)(2)(B)).

5. Sentencing and Application of the Sentencing Guidelines.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that it has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or its sentence is other than it anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.    Advise the Court of any additional, relevant facts that are presently known or may subsequently come to its attention;

B.    Respond to questions from the Court;

C.    Correct any inaccuracies in the pre-sentence report;

- 3 -

D.   Respond to any statements made by it or its counsel to a probation officer
     or to the Court.

The defendant understands that the United States and the Probation Office may address
the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable
sentencing range under the advisory Sentencing Guidelines that it may have received from any
source is only a prediction and not a promise as to the actual sentencing range under the advisory
Sentencing Guidelines that the Court will adopt.

6. Sentencing Stipulations and Agreements.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and
agree that the following are an appropriate disposition of this case:

(a)   A total fine of $25,000;

(b)   A term of five years of probation on each count to run concurrently, with
      conditions of probation that (1) Nadia Alawa and her family members,
      including her husband and children, have no further involvement with
      NuDay and that (2) within 90 days of the execution of this Agreement,
      NuDay shall certify to the Probation Department and the United States
      that (i) it has complied with applicable federal and state tax filing
      requirements for Tax Years 2015 through and including 2022, and that (ii)
      such filings are accurate, including by making any delinquent filings and
      amending prior year filings as needed;

(c)   The conditions of probation shall also include the recommended
      conditions for organizations in U.S.S.G. § 8D1.4 that the Court deems

applicable; and

(d)    A special assessment of $400 per count, for a total of $1,200.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw its guilty pleas.

The parties are free to make recommendations with respect to the conditions of probation as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.   Relevant Considerations

The United States enters into this Plea Agreement with NuDay based on its consideration of the individual facts and circumstances relating to NuDay's offense conduct identified during the investigation. The relevant facts and circumstances considered by the United States in determining to enter into this Plea Agreement are the following, each of which NuDay represents and warrants is true and correct by entering into this Plea Agreement:

(a)    The seriousness of NuDay's offense in misleading a freight forwarding company in order to cause that freight forwarder to fail to file Electronic Export Information with the U.S. Government in connection with NuDay's shipments to Syria, a country subject to United States sanctions, as described in the statement of Offense Conduct;

(b)    The fact that NuDay's senior management participated in and directed the offense conduct;

(c)    The relevant mitigating circumstances, including that NuDay's shipments

- 5 -

were made and intended only for a bona fide humanitarian purpose,
consisted of donated articles of medicine, consumer goods, and low-level
technology consistent with that bona fide humanitarian purpose, were not
made to an end user of concern or in support of a prohibited end use, and
that NuDay was not compensated for the shipments;

(d)    NuDay's lack of prior criminal history;

(e)    NuDay's status as a not-for-profit charity and its history of serving
vulnerable populations in Syria and other nations;

(f)    That NuDay did not voluntarily disclose its export violations, including its
criminal conduct to the U.S. Department of Justice, until it became aware
of the government's investigation;

(g)    NuDay's clear acceptance of responsibility for its criminal conduct as
demonstrated by its retention of counsel to conduct an internal
investigation, its cooperation with the government's investigation, and its
decision to plead guilty to felony violations of 13 U.S.C. § 305(a) as
described in this Plea Agreement; and

(h)    NuDay's remediation efforts taken to date, including its retention of a
third-party compliance consultant who has designed and implemented an
export compliance program that is effective to prevent the recurrence of
the criminal conduct, and NuDay's decision to separate from senior
management and directors who participated in or were aware of the
criminal conduct.

After considering the above, the United States has determined that the offenses to which

- 6 -

NuDay has agreed to plead guilty will hold NuDay appropriately accountable for its criminal conduct, and the agreed-upon penalties described in this Plea Agreement are sufficient but not greater than necessary to achieve the purposes of sentencing.

8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that it has the right to be represented by an attorney at every stage of the proceeding.   The defendant also understands that it has the right:

A.    To plead not guilty or to maintain that plea if it has already been made;

B.    To be tried by a jury and, at that trial, to the assistance of counsel;

C.    To confront and cross-examine witnesses; and

D.    To compulsory process for the attendance of witnesses to testify in its defense.

The defendant understands and agrees that by pleading guilty it waives and gives up the foregoing rights and that upon the Court's acceptance of its guilty plea, it will not be entitled to a trial.

The defendant understands that if it pleads guilty, the Court may ask its agent or agents questions about the offense, and if its agent or agents answer those questions falsely under oath, on the record, and in the presence of counsel, those false statements will be used against it in a prosecution for perjury or making false statements.

9. Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that it:

A.    Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because it is guilty;

B.    Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement;

C.    Is entering into this Plea Agreement without threats, force, intimidation, or

coercion;

D.    Understands the nature of the offense to which it is pleading guilty, including the penalties provided by law; and

E.    Is completely satisfied with the representation and advice received from its undersigned attorney.

10.   Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to it about any civil or administrative consequences that may result from its guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.   Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy its federal criminal liability, as well as that of the defendant's past and present employees, volunteers, and Board members, in the District of New Hampshire arising from its participation in the conduct that forms the basis of the Information in this case.

The defendant understands and agrees that, if after entering this Agreement, it fails specifically to perform or fulfill completely each one of its obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, it will have breached this Agreement.

The defendant understands and agrees that, should the defendant's guilty plea be accepted, the defendant will deposit $26,200 (representing the stipulated $25,000 fine and $1,200

- 8 -

special assessment) with the Court no later than 14 days before the scheduled sentencing date, which the Court will accept and hold pursuant to 28 U.S.C. § 2041. Failure to deposit these funds in full 14 days prior to sentencing may, in the sole discretion of the United States, be deemed a material breach of this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to forbear prosecution of other crimes or recommend a specific sentence or a sentence within a specified range. The defendant also understands that it may not use its breach of this Agreement as a reason to withdraw its guilty plea or as a basis to be released from its guilty plea.

12. Waivers.

A. Appeal.

The defendant understands that it has the right to challenge its guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives its right to challenge on direct appeal:

1. Its guilty plea and any other aspect of its conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s), other adverse dispositions of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court.

The defendant's waiver of its rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B. Collateral Review

- 9 -

The defendant understands that it may have the right to challenge its guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.   By entering into this Plea Agreement, the defendant knowingly and voluntarily waives its right to collaterally challenge:

1. Its guilty plea, except as provided below, and any other aspect of its conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s), other adverse dispositions of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2. The sentence imposed by the Court.

The defendant's waiver of its right to collateral review does not operate to waive a collateral challenge to its guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of its right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

- 10 -

13. No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

14. Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

15. Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

JANE E. YOUNG
United States Attorney

08/18/2023

Date: _____

By: _____ *alexade Chen*

Alexander S. Chen
Assistant United States Attorney
MA Bar No. #698458
53 Pleasant St., 4th Floor
Concord, NH 03301
Alexander.chen@usdoj.gov

- 11 -

I, Sarah Loy, the Chairperson of the Board of NuDay, the defendant, and empowered by resolution to bind NuDay in the matter, have read this 12-page Plea Agreement.   I fully understand and, on behalf of NuDay, accept the terms thereof.   A copy of the resolution empowering me to sign on behalf of and to bind NuDay in this matter is attached.

Date: August 18, 2023

Sarah Loy
Chairperson of the Board,
NuDay,
Defendant

I have reviewed and explained this 12-page Plea Agreement with Sarah Loy, Chairperson of the Board of NuDay, who is empowered to bind NuDay, the defendant, and she has advised me that she understands and accepts its terms on behalf of NuDay.

August 18, 2023

Date:

Brian Quirk, Esquire
Attorney for NuDay

- 12 -